IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:02CR068 |
| | § | MAC-DDB |
| RICHARD LANCE BECK | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 19, 2016, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Heather Rattan.

On December 18, 2002, Defendant was sentenced by the Honorable United States District Judge Paul Brown after pleading guilty to the offense of Possession of Firearm by a Convicted Felon, a Class C felony. Defendant was sentenced to 120 months imprisonment followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include submitting financial information, no new credit, testing and treatment for drug abuse, mental health treatment, a $2,000 fine and a $100 special assessment. On April 30, 2013, Richard Lance Beck completed his period of imprisonment and began service of the supervision term.

On February 12, 2016, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 32 Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not illegally possess a controlled

REPORT AND RECOMMENDATION – Page 1

substance; (3) Defendant shall refrain from unlawful use of a controlled substance; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office until such time as the Defendant is released from the program by the probation officer; and (6) The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

The Petition alleges that Defendant committed the following acts: (1) and (2) On or about January 5, 2016, Officers with the Bridgeport, Texas, Police Department observed a vehicle with an obscured temporary license plate. The officer initiated a traffic stop. The vehicle accelerated at a high rate of speed. The officer observed a small, clear plastic bag leave the driver side window and fall to the ground. The driver, identified as the Defendant, eventually stopped. As he exited the vehicle, a clear plastic baggy containing a green leafy substance fell from his midsection. Several clear bags with marijuana residue were located in the vehicle along with a glass marijuana pipe, a hand rolled marijuana cigarette, and Xanax. Defendant was placed under arrest and charged with committing the offenses of Tamper/Fabricate Physical Evidence with Intent to Impair in violation of Texas Penal Code § 37.09(c); Evading Arrest/Detention with Vehicle in violation of Texas Penal Code §38.04(b)(2)(A); Possession of Marijuana in violation of Texas Health and Safety Code § 481.121(b)(1); and Possession of Drug Paraphernalia in violation of Texas Health and Safety Code § 481.125(a). On January 12, 2016, a Wise County Sheriff's Deputy was dispatched to the Wise County Jail where the Defendant was being held on the above noted charges. He was advised the Defendant was acting in an aggressive manner

while in his segregation cell. The Defendant lunged at the officer and he was removed. Officer searched the cell and located plastic bags containing marijuana and methamphetamine inside the front pocket of the Defendant's jail issued shirt. The methamphetamine weighed 3.6 grams and the marijuana weighed 12.1 grams. The Defendant was subsequently charged with committing the offenses of Possession of Marijuana in violation of Texas Health and Safety Code § 481.121(b)(1); Possession of a Controlled Substance PG 1 in violation of Texas Health and Safety Code § 481.115(c); and Prohibited Substances and Items in Correctional Facility in violation of Texas Penal Code § 38.11(b). Defendant's Wise County Jail bonds were set at $25,000, $50,000,$7,500, $1,000, $1,200, $7,000, and $7,000 respectfully; (3) On June 1, 2013, Defendant admitted to a Gainesville, Texas, Police Officer that he had been using methamphetamine. He was cited for Public Intoxication and given a $305 citation; (4) On June 3, 2013, Defendant submitted a urine specimen at the U.S. Probation Office which tested positive for methamphetamine. Lab testing confirmed said positive. On May 12, 2015, Defendant submitted a urine specimen at the U.S. Probation Office which tested positive for methamphetamine. He signed a written admission form whereby he admitted to using methamphetamine on or about May 12, 2015. On August 14, 2015, a home visit was conducted by the U.S. Probation Office. Defendant was unable to provide a urine specimen but admitted in writing to using methamphetamine "every day for the past two weeks."; (5) Defendant failed to submit a random drug test at McCary Counseling, Denton, Texas, on June 13, 2013; and (6) Since May 2015, Defendant has failed to provide verification of employment as instructed by the U.S. Probation Office.

      Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition, specifically that Defendant committed another

federal, state or local crime and illegally possessed a controlled substance. The Government withdrew allegations three (3), four (4), five (5) and six (6). Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release by committing another federal, state or local crime and illegally possessed a controlled substance. Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no term of supervised release to follow. The term of imprisonment in this case shall run concurrent to the term of imprisonment in Cause Number 4:15CR0097and shall run consecutive to the term of imprisonment in Cause Number CR19071 State of Texas v. Richard Lance Beck in the 271st Judicial District Court of Wise County, Texas.

The Court also recommends that Defendant be housed in the Bureau of Prisons El Reno Oklahoma facility, if appropriate.

**SIGNED this 19th day of August, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE